**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FORT SILL APACHE TRIBE OF OKLAHOMA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.  CIV-08-0541-F |
| UNITED STATES, et al., | ) ) | |
| Defendants. | ) | |

## ORDER

On July 17, 2008, the plaintiff, Fort Sill Apache Tribe of Oklahoma, filed a "Notice of Voluntary Dismissal" under Rule 41(a)(1)(A)(i), Fed. R. Civ. P. (Doc. no. 17.)  Although a formal motion is not before the court with respect to the notice of dismissal, the prospective intervenors have now objected to plaintiff's voluntary dismissal of this action.  (Intervenors' response, doc. no. 18.)  The prospective intervenors argue, among other things, that at the time the notice of dismissal was filed, a motion to intervene was pending, and that the motion to intervene limited plaintiff's ability to voluntarily dismiss this action. (Motion to intervene, doc. no. 7.)  After careful consideration of these matters, including review of all filings by the parties and the prospective intervenors, the court determines as follows.

Rule 41(a)(1)(A) and (B) clearly indicate that the effect of "a notice of dismissal [filed] before the opposing party serves either an answer or a motion for summary judgment" – which is the case here – is automatic dismissal of the action without prejudice.  Rule 41(a)(1)(A)(i) and (B).  The fact that a motion to intervene is pending at the time the notice is filed does not affect the automatic dismissal provided for by Rule 41(a)(1)(A)(i) and (B).  As stated in 8 Moore's Federal Practice, §41.33[5][c][H],

"[a] motion to intervene should not affect the plaintiff's right to dismiss as of right." *And see, e.g.*, Mutual Produce, Inc. v. Penn Cent. Transp. Co., 119 F.R.D. 619, 621 (D. Mass. 1988) (stipulation of dismissal between original parties was effective when filed so that there was no action in which to intervene and motions to intervene were moot).[1]  The court agrees with these authorities.

Based on the straightforward language of Rule 41(a), the court finds that plaintiff's notice of voluntary dismissal was proper, that the filing of that notice effected the dismissal of this action without prejudice, and that the pending motion to intervene did not, and does not, change this result.  Accordingly, this action remains dismissed.[2]   Because this action has been dismissed, the motion to intervene is moot and will not be ruled upon.  Finally, the court notes the prospective intervenors' informal request for more time within which to file additional briefing on the issue of the propriety of the dismissal.  (Doc. no. 18, pp.2-3.)  That request is denied.

Dated this 23rd day of July, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0541p004  rev  (pub).wpd

---

[1] *But see*, Butler v. Denton, 150 F.2d 687, 690 (10th Cir. 1945) ("plea of intervention tendered justiciable issues   [so that]...plaintiff was not vested with the absolute right of dismissal...."). Butler is distinguishable because the United States had already intervened at the time plaintiff's motion for leave to dismiss was filed. *Id*. at 689-90.  An intervenor who has completed the process of entering the litigation is a party to the action; a proposed intervenor is not.

[2] This action was terminated for purposes of the court's internal records on July 17, 2008, after the notice of voluntary dismissal was filed.  As noted at the top of the docket sheet, this case remains closed.